**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1987
_____

LATEEFAH C. BROWN,
                                        Appellant

v.

DIVISION OF YOUTH AND FAMILY SERVICES (DYFS);
HONORABLE DARRELL M. FINEMAN J.S.C.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:14-cv-01598)
District Judge:  Honorable Renée M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 24, 2014

Before:  FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: October 27, 2014)
_____

OPINION
_____

PER CURIAM

        Lateefah Brown appeals pro se from an order of the United States District Court

for the District of New Jersey dismissing her complaint pursuant to 28 U.S.C. § 1915(e).

For the reasons that follow, we will affirm the District Court's judgment.

I.

Prior to this lawsuit, Brown was a party to New Jersey state court litigation

initiated by New Jersey's Division of Youth and Family Services ("DYFS"). There,

Brown was found to have abused and/or neglected her minor child, L.J.B., and the child's

father was awarded legal and physical custody. After the New Jersey Supreme Court

denied review in that case, Brown commenced this lawsuit, submitting a pro se complaint

and a motion to proceed in forma pauperis ("IFP"). The complaint, which was brought

against DYFS and a New Jersey Superior Court judge who had presided over an aspect of

the state court litigation, reiterated the arguments of trial court error that Brown had made

in her state court appeal. Brown sought reversal of the state court's rulings and

compensatory damages.

The District Court granted Brown's IFP motion and screened the complaint

pursuant to § 1915(e). The court concluded that Brown's claims were barred by the

Rooker-Feldman doctrine and the doctrine of issue preclusion, and that amendment of her

complaint would be futile. As a result, the court dismissed the complaint without leave to

amend. This appeal followed.[1]

---

[1] The District Court received Brown's notice of appeal three days after the expiration of
the 30-day appeal period. See Fed. R. App. P. 4(a)(1)(A). Thereafter, she timely moved
the court to extend the appeal period pursuant to Federal Rule of Appellate Procedure
4(a)(5). The court, finding that Brown had established good cause for an extension,
granted the motion and directed the Clerk to file the notice of appeal nunc pro tunc. We
find no error in that ruling. See Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 322
(3d Cir. 2012) (explaining that we generally review a district court's ruling on a Rule

2

II.

"It is standard practice that an appellant must state all issues raised on appeal in the opening brief." United States v. Albertson, 645 F.3d 191, 195 (3d Cir. 2011); see Fed. R. App. P. 28(a); see also Al-Ra'id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (noting that pro se litigants are not exempted from this requirement). "[A]n appellant's failure to identify or argue an issue in [her] opening brief constitutes waiver of that issue on appeal." United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005). Here, Brown's brief does not even mention the District Court's judgment, let alone articulate an argument for why that judgment should be disturbed. Instead, the brief's five substantive pages complain about various aspects of her state court litigation and allege facts relating to that litigation. Because Brown has waived any challenge to the District Court's judgment — the complaints in her brief about her state court case do not justify relief here — we will not disturb that judgment.

We note, however, that even if Brown had preserved a challenge to the District Court's judgment, we still would not disturb that judgment. The complaint essentially asked the District Court to exercise appellate review over the state court's adverse rulings and reverse them. The District Court correctly concluded that the Rooker-Feldman doctrine barred it from doing so, and that amendment of Brown's complaint would be

_____

4(a)(5) motion for abuse of discretion). Accordingly, Brown's appeal is timely, and we have jurisdiction over it pursuant to 28 U.S.C. § 1291.

3

futile.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (explaining that the Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").[2]  Although Brown seeks to supplement the record — ostensibly with the state court records that she has submitted in her appendix and/or the DVD that she has lodged as an exhibit[3] — those materials would not change the outcome of this case.

In light of the above, we will affirm the District Court's judgment.  Brown's motion to supplement the record is denied.[4]

---

[2] We need not consider whether the doctrine of issue preclusion applies here.
[3] Brown has referred to that exhibit as both a "DVD" and a "CD."
[4] Brown also asks us to add L.J.B. as a plaintiff in this case and appoint him counsel.  But Brown lacks any authority to make these requests on the child's behalf — as noted above, L.J.B.'s father has legal custody of the child.  In any event, Brown has failed to demonstrate that the requested relief is warranted.  Accordingly, these requests are denied.  Finally, to the extent that Brown seeks an investigation into whether L.J.B. was abused after he was removed from her custody, that request falls outside the scope of this appeal and is not considered here.